**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0538n.06

No. 15-5092

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 30, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| JOSEPH KEMMERLING, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |
| | ) | |

**BEFORE: BOGGS and MOORE, Circuit Judges, and REEVES, District Judge.**[*]

**DANNY C. REEVES, District Judge.** Joseph Kemmerling pleaded guilty to one count of being a felon in possession of a firearm. He subsequently was sentenced to a term of imprisonment of 180 months under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). On appeal, Kemmerling challenges the district court's determination that his prior robbery conviction under Tenn. Code Ann. § 39-13-401 qualifies as a violent felony under the ACCA. For the reasons discussed below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On August 6, 2014, Joseph Kemmerling pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [R. 20, Page ID # 21] A Presentence Investigation

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Report ("PSR") was prepared in connection with his sentencing hearing. The PSR classified Kemmerling as an armed career criminal based on his prior convictions for three "violent felonies," which included a 1999 conviction for robbery under Tenn. Code Ann. § 39-13-401 and two 2005 convictions for aggravated burglary under Tenn. Code Ann. § 39-14-403. [PSR, pp. 9, 11–12] During the sentencing hearing, the district court determined that Kemmerling had a Total Offense Level of 30 and a Criminal History Category of VI, resulting in a non-binding guideline range for imprisonment of 168 to 210 months. [R. 32, Page ID # 82] However, his classification as an armed career criminal subjected Kemmerling to a mandatory-minimum term of imprisonment of 180 months under 18 U.S.C. § 924(e)(1), creating a restricted guideline range of 180 to 210 months. [*Id.*]

This court has previously determined that convictions under Tenn. Code Ann. § 39-14-403 qualify under the ACCA's "enumerated offenses" clause in 18 U.S.C. § 924(e)(2)(B)(ii). *United States v. Nance*, 481 F.3d 882, 887–88 (6th Cir. 2007). As a result, Kemmerling did not object to the designation of his two 2005 aggravated-burglary convictions as predicate offenses under the ACCA. However, he challenged his classification as an armed career criminal, arguing that his 1999 robbery conviction did not qualify as a "violent felony." [R. 27, Page ID # 36; R. 32, Page ID # 55–57] The district court disagreed and sentenced Kemmerling to the mandatory-minimum term of imprisonment of 180 months. [R. 31, Page ID # 45–46; R. 32, Page ID # 71, 84]

## II.     STANDARD OF REVIEW

This court reviews *de novo* a district court's determination regarding whether a prior conviction constitutes a "violent felony" under the ACCA.  *United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir. 2013).

## III.     DISCUSSION

A defendant is classified as an armed career criminal if he violates 18 U.S.C. § 922(g) and has three previous convictions for serious drug offenses or violent felonies committed on different occasions.  18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).  This statutory section has been interpreted to create three separate avenues of liability: the "use of physical force" clause in § 924(e)(2)(B)(i); the "enumerated offenses" clause in § 924(e)(2)(B)(ii); and the "residual clause" immediately following the enumerated offenses in § 924(e)(2)(B)(ii).  *See United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014).  A defendant sentenced as an armed career criminal is subject to a mandatory-minimum sentence of fifteen years of imprisonment.  18 U.S.C. § 924(e)(1).

In *Mitchell*, this court concluded that robbery as defined by the Tennessee statute qualifies as a violent felony.  743 F.3d at 1057.  Under Tennessee law, "[r]obbery is the intentional or knowing theft of property from the person of another by violence or putting the

person in fear." Tenn. Code Ann. § 39-13-401(a). *Mitchell* first determined that the statute satisfied the "use of physical force" clause. The court explained that "violence," as determined by the Tennessee Supreme Court, means "'physical force unlawfully exercised so as to injure, damage or abuse.'" *Mitchell*, 743 F.3d at 1059 (quoting *State v. Fitz*, 19 S.W.3d 213, 214 (Tenn. 2000)). As a result, the robbery statute's element of violence "satisfie[d] § 924(e)(2)(B)(i)'s requirement of the 'use, attempted use, or threatened use of physical force.'" *Id.* Additionally, *Mitchell* determined that the element of "fear" also satisfied § 924(e)(2)(B)(i). There, we recognized that the Tennessee Supreme Court has held that the "'fear constituting an element of robbery is a fear of bodily injury and of present personal peril from violence offered or impending.'" *Id.* (quoting *State v. Taylor*, 771 S.W.2d 387, 398 (Tenn. 1989)). Applying the definition of violence as determined by the Tennessee Supreme Court in *Fitz*, we explained in *Mitchell* that "the commission of a robbery through fear, which in Tennessee reduces to the fear of bodily injury from physical force offered or impending, directly corresponds to § 924(e)(2)(B)(i)'s 'use . . . or threatened use of force.'" *Id.* Thus, "robbery in violation of . . . Tenn. Code Ann. § 39-13-401 is categorically a 'violent felony' under § 924(e)(2)(B)(i) of the ACCA." *Id.* at 1060.

*Mitchell* did not stop there. We also determined that, under the categorical approach, robbery as defined by the Tennessee statute qualified as a violent felony under the residual clause as well. *Id.* at 1060–63 (holding that a conviction under Tenn. Code Ann. § 39-13-401 "categorically qualif[ies] as [a] 'violent felon[y]' under the residual clause of the ACCA").

In his brief on appeal, Kemmerling asserted that a case pending before the Supreme Court at the time, *Johnson v. United States*, No. 13–7120, — U.S. —, 134 S. Ct. 1871 (U.S.

2014), may have called *Mitchell*'s holding into question. He argued that the issues presented could have resulted in the Supreme Court finding the ACCA unconstitutionally vague. [Appellant Brief, p. 7] Notwithstanding Kemmerling's assertions, the entirety of the ACCA was not at risk in *Johnson*. The Supreme Court directed the parties to file supplemental briefs addressing only: "Whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(B)(ii), is unconstitutionally vague." *Johnson v. United States* No. 13–7120, — U.S. —, 135 S. Ct. 939 (U.S. 2015) (internal quotation marks omitted).

While the Supreme Court's recent decision in *Johnson* held the residual clause of the ACCA to be unconstitutionally vague in violation of "the Constitution's guarantee of due process," it did not affect the "use of physical force" clause. *Johnson v. United States*, No. 13–7120, — U.S. —, 135 S. Ct. 2551, 2563 (U.S. 2015) ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.") Thus, *Mitchell*'s holding that Tenn. Code Ann. § 39-13-401 qualifies as an ACCA predicate offense under the "use of physical force" clause is not affected by *Johnson*, and this court remains bound by that determination. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (finding that a panel of this court may not overturn binding precedent because a published prior decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision").

## IV.    CONCLUSION

We **AFFIRM** the judgment of the district court.