NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0704n.06

No. 13-6180

**FILED**
Oct 20, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )
                                             )
v.                                           )    ON APPEAL FROM THE
                                             )    UNITED STATES DISTRICT
EUGENE BERNARDINI,                           )    COURT FOR THE WESTERN
                                             )    DISTRICT OF TENNESSEE
    Defendant-Appellant.                     )
                                             )
                                             )

BEFORE:    BATCHELDER and ROGERS, Circuit Judges; BECKWITH, District Judge.

PER CURIAM.    This case returns from the Supreme Court on remand for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause was void for vagueness. 135 S. Ct. at 2564. The Court did not disturb "the remainder of the Act's definition of a violent felony." *Id.* In his pre-*Johnson* appeal to this court, Bernardini argued that his conviction for robbery in Tennessee under Tennessee Code Annotated § 39-13-401 was not a violent felony and thus not a basis for sentencing him under the ACCA. We affirmed Bernardini's sentence because we had previously held in a different case that a conviction for robbery under that statute was a violent felony as provided for by both the ACCA's use-of-force clause and its residual clause. *See United States v. Bernardini*, 583 F. App'x 544, 545 (6th Cir. 2014) (citing *United States v. Mitchell*, 743 F.3d 1054, 1060, 1062 (6th Cir. 2014)). *Johnson* left

the ACCA's use-of-force clause undisturbed, and Bernardini's robbery conviction is still a violent felony under the ACCA's use-of-force clause. Although the district court held only that Bernardini's robbery conviction was a violent felony under the residual clause, we may affirm the district court on any ground supported by the record. *United States v. Gill*, 685 F.3d 606, 609 (6th Cir. 2012). Accordingly, we affirm Bernardini's sentence.