NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0134n.06

No. 14-6395

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 10, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STEVE ALLEN BRADEN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges.

**DAMON J. KEITH, Circuit Judge.** Following a jury trial in 2009, Petitioner-Appellant Steve Allen Braden ("Mr. Braden") was convicted of and sentenced for three drug- and firearms-related offenses. At sentencing, Mr. Braden was determined to be an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"). In 2011, Mr. Braden filed a pro se petition to vacate his convictions pursuant to 28 U.S.C. § 2255. The district court appointed counsel to represent Mr. Braden as to his petition. The counsel thereafter filed another petition seeking to raise more claims than those identified in Mr. Braden's pro se petition. The district court denied relief. Mr. Braden timely appealed. On appeal, Mr. Braden argues that the district court erred in dismissing his pro se petition, and he argues, for the first time on appeal, that he is not an Armed Career Criminal. For the following reasons, we **REMAND** with instructions for the district court to consider Mr. Braden's pro se petition, but we **AFFIRM** Mr. Braden's classification as an Armed Career Criminal under the ACCA.

## I.     BACKGROUND

In 2009, Mr. Braden was convicted of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841; one count of possession of a firearm in furtherance of drug trafficking activity in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g).  Based on his prior convictions, he was classified as an Armed Career Criminal pursuant to the ACCA and as a Career Offender under the United States Sentencing Guidelines (the "Guidelines").  He was sentenced to concurrent terms of forty years of imprisonment on counts one and two, and a consecutive term of five years of imprisonment on count three.  He appealed his convictions and sentence to this court, and we affirmed.  *United States v. Braden*, No. 09-5854 (6th Cir. Oct. 28, 2010).

In 2011, Mr. Braden, acting pro se, filed a petition to vacate his convictions pursuant to 28 U.S.C. § 2255 ("§ 2255").  In his petition, he asserted multiple claims:  ineffective assistance of trial counsel; flawed jury instructions that resulted in a constructive amendment; illegal search and seizure; insufficient arrest warrant; racial discrimination in the selection of the jury; and ineffective assistance of appellate counsel.  *See Braden v. United States*, No. 14-6395 (6th Cir. April 16, 2015).  The Government opposed the petition, and then the district court appointed counsel to represent Mr. Braden and instructed newly appointed counsel to "file an amended motion to vacate if necessary."

Newly appointed counsel filed an amended motion raising additional claims regarding the § 922(g) gun charge.  In that motion, defense counsel purported to supplement the prior pro se filing, rather than supersede it, stating: "This amended motion does not abrogate any of the

claims Mr. Braden raises in his pro se filings. Rather, it supplements claims A through J of Mr. Braden's pro se motion by adding the claims set forth below."

In denying relief as to the § 2255 petition, the district court stated that it "deem[ed] the amended petition to supersede the pro se petition and the claims therein." The district court further stated that "[u]nless adopted and supported by legal memorandum, the [c]ourt deems the claims in the pro se and first amended petition to be waived." The court then denied the claims raised by appointed counsel in the amended motion as meritless. Mr. Braden appealed.

While his appeal of the denial of the § 2255 motion was pending, Mr. Braden filed a pro se motion pursuant to Federal Rule of Criminal Procedure 59(e) alleging more ineffective assistance of counsel claims. The district court denied this motion as well. In denying the motion, the district court referred to its prior ruling on the § 2255 petition, noting that it had "considered the record as a whole and all of the claims raised in both the original and amended motion, but addressed only those which had some substance. The [c]ourt concluded that [Mr. Braden] was not entitled to relief."

Because a certificate of appealability had not been issued by the district court, we construed Mr. Braden's notice of appeal as an application for a certificate of appealability. Initially, this court granted a limited certificate of appealability solely to address the question of whether the district court erred in failing to consider Mr. Braden's pro se petition. However, this court later expanded the certificate of appealability to encompass the issue of whether Mr. Braden remains an Armed Career Offender under the ACCA in light of the United States Supreme Court's holding in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015). *Johnson* was decided after the district court had already ruled on Mr. Braden's petition, and after Mr. Braden had initiated the instant appeal. *See* 135 S. Ct. 2551.

## II.    DISCUSSION

### A.  Standard of Review

"In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law *de novo*." *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). "Section 2255 provides federal prisoners with a means to secure a second look at the legality of their conviction or sentence, beyond the direct appeal of right." *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013). "A federal prisoner may move the court which imposed the sentence to vacate, set aside, or correct the sentence." *Id.* (citation omitted). The district court "initially considers whether or not the petitioner is entitled to any § 2255 relief." *Id.*

"This court reviews *de novo* a district court's determination regarding whether a prior conviction constitutes a 'violent felony' under the ACCA." *United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (citing *United States v. Hockenberry*, 730 F.3d 645, 663 (6th Cir. 2013)).

### B.  Analysis

#### 1.  Original Petition & Amended Petition

"Generally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). This rule applies to habeas petitions. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) *cert. denied sub nom. Calhoun v. Booker*, 135 S. Ct. 1403 (2015). However, we have recognized exceptions to this rule where a party evinces an intent for the amended pleading to supplement rather than supersede the original pleading, *see Clark v. Johnston*, 413 F. App'x 804, 811-12 (6th Cir. 2011), and where a party is forced to amend a pleading by court order. *See Hayward*, 759 F.3d at 617-18; *but cf. Grubbs v.*

*Smith*, 86 F.2d 275, 275 (6th Cir. 1936) (concluding that regardless of the party's intentions, an "amended and substituted petition" superseded, as a matter of law, the first petition and the first amended petition where the district court had directed the party to combine its first petition and first amended petition into one document). An amended pleading supersedes a former pleading if the amended pleading "is complete in itself and does not refer to or adopt a former pleading[.]" *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014) (quoting 61B Am. Jur. 2d Pleading § 789).[1]

Additionally, while "[a] habeas petitioner has neither a constitutional right nor a statutory right" to represent himself and also be represented by counsel at the same time, "a court may consider a pro se petition even when a habeas petitioner is represented by counsel." *Miller v. United States*, 561 F. App'x 485, 489 (6th Cir. 2014). It is not uncommon for newly appointed counsel in habeas cases to supplement the original pro se pleading by adding claims. *See Peguero v. United States*, 526 U.S. 23, 25 (1999) (analyzing a case where the district court had "appointed new counsel, who filed an amended motion adding a claim" to a prisoner's pro se 2255 motion).

Here, Mr. Braden initially filed his habeas petition pro se. The district court then appointed counsel to represent him, noting that the newly appointed counsel could file an "amended" petition if necessary. The newly appointed counsel then filed an amended petition asserting additional claims, and noting that the amended petition "does not abrogate any of the

---

[1] Some courts employ local rules that prohibit a party from incorporating a prior pleading by reference in an amended pleading, and those rules are given force on appeal. *See Hill v. Fort Loudoun Elec. Co-op.*, 493 F. App'x 638, 644 (6th Cir. 2012) (holding that the district court did not abuse its discretion in declining to address a motion "in light of a local rule" in the United States District Court for the Eastern District of Tennessee which prohibited a party from incorporating "any prior pleading by reference" in an amended pleading). Neither party in this case asserts that the United States District Court for the Middle District of Tennessee has such a local rule, and this court is aware of none.

claims Mr. Braden raises in his pro se filings. Rather, it supplements claims A through J of Mr. Braden's pro se motion by adding the claims set forth below." The district court nevertheless ruled that the amended petition superseded the original petition, citing a decision of the United States Court of Appeals for the Fifth Circuit, *Clark v. Tarrant County*, 798 F.2d 736, 740-41 (5th Cir. 1986).

Because the amended petition was not "complete in itself" and because it referred to and adopted the prior petition, the amended petition did not supersede the original petition. *See Shreve*, 743 F.3d at 131. Mr. Braden unequivocally evinced an intent to supplement his original petition. *See Clark*, 413 F. App'x at 812. Therefore, the district court erred in treating the original petition as superseded. *See id.*; *see also Shreve*, 743 F.3d at 131.

The government's sole argument on appeal is that the district court in fact considered the merits of the claims raised in the original pro se petition. In support, the Government points to the district court's order denying Mr. Braden's subsequent Rule 59(e) motion; the district court stated that it had "considered the record as a whole and all of the claims raised in both the original and amended motion, but addressed only those which had some substance. The [c]ourt concluded that [Mr. Braden] was not entitled to relief." The government's reliance on this after-the-fact statement by the district court is unavailing. This statement from the district court came only after the district court had the benefit of hindsight to "clarify" its actions. Assuming that it is proper to consider this after-the-fact clarification, the clarification is belied by the record. While the district court is not required to provide a lengthy analysis of every claim, a review of the § 2255 order reveals that the district court only addressed the claims presented in the petition filed by counsel and did not address any of the claims presented by Mr. Braden in his initial pro

se petition. The conclusion that the district court did not review the pro se claims is further

buttressed by its own unequivocal statement that it treated the pro se petition as superseded.

For the foregoing reasons, we hold that the district court erred in treating Mr. Braden's

pro se petition as "superseded" by his amended petition.

 2. *Armed Career Criminal Status*

Next, we address Mr. Braden's argument that he no longer qualifies as an Armed Career

Criminal under the ACCA. Specifically, Mr. Braden argues that his prior two convictions for

aggravated assault under Tennessee Code Annotated § 39-13-102 were not proper qualifying

offenses under the ACCA.[2] Mr. Braden argues that remand is necessary to determine whether he

was convicted under the residual clause of the ACCA. Recently, the Supreme Court of the

United States held in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), that the

residual clause is unconstitutionally vague.[3] For the following reasons, Mr. Braden's argument

is meritless.[4]

---

[2] Mr. Braden does not challenge any of his other prior convictions, and it is undisputed that Mr. Braden has at least one other qualifying ACCA conviction.

[3] We held that *Johnson* announced a new substantive rule that is retroactive on collateral review. *See In re Watkins*, 810 F.3d 375, 382 (6th Cir. 2015). This means that petitioners who were sentenced pre-*Johnson* can apply *Johnson*'s holding to attack the constitutionality of their sentences in a habeas petition. *See id.*

[4] As a preliminary matter, Mr. Braden did not assert that *Johnson* changed his status as an Armed Career Offender before the district court because the Supreme Court rendered its opinion in *Johnson* after the district court issued its ruling. Ordinarily, a failure to raise a constitutional challenge in the district court would "preclude our consideration of the issue on appeal." *United States v. Chesney*, 86 F.3d 564, 567 (6th Cir. 1996). However, this court can exercise discretion to "review an issue not raised below" where an applicable Supreme Court decision was rendered after the district court issued its ruling. *See id.* at 568. This is especially appropriate where the question presents "a purely legal issue" that was fully briefed by both parties. *Id.* Here, we conclude that *Johnson* is an applicable Supreme Court decision that was not available to Mr. Braden below, the question of whether Mr. Braden is an Armed Career Offender is purely legal, and both parties have fully briefed the matter.

A defendant is considered an Armed Career Offender under the ACCA if he or she violates 18 U.S.C. § 922(g) and has at least three qualifying felonies under the Act. *Kemmerling*, 612 F. App'x at 375. "The ACCA increases the sentences of certain federal defendants who have three prior convictions for a 'serious drug offense' or a 'violent felony.'" *United States v. Elliott*, 757 F.3d 492, 293 (6th Cir. 2014). The term "violent felony" is defined as follows:

> Any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

Section (i) is usually referred to as the "force" prong of the statute. *Elliott*, 757 F.3d at 494. The first part of section (ii) listing specific offenses is usually referred to as the "enumerated felonies" prong. *Id.* And the second part of section (ii) referring to conduct that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is referred to as the "residual clause." *Id.*

Mr. Braden's reliance on *Johnson* is unavailing because *Johnson* has no bearing on Mr. Braden's conviction or sentence. We must first determine whether Mr. Braden's convictions qualify as "violent felon[ies]" under the ACCA. *Elliott*, 757 F.3d at 494. In making this determination, courts employ what is known as the "modified categorical approach" when the criminal statute underlying the prior conviction in question is "divisible." *Id.* A statute is "divisible" when it "includes 'multiple, alternative elements, and so effectively creates several different crimes.'" *United States v. Denson*, 728 F.3d 603, 612 (6th Cir. 2013) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013)). Therefore, in some circumstances,

the statute "could be violated in a way that would constitute a [violent felony] and in a way that would not." *Id.* at 608 (citation omitted).

Under the modified categorical approach, the court may look at a "limited class of documents . . . to determine which alternative [element] formed the basis of the defendant's prior conviction[.]"[5] *Id.* (citation omitted) (first alteration in original). When the defendant pled guilty to the prior offense, those documents "may include the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* (citation omitted). These documents are called *Shepard* documents. *See id.* (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)). While Mr. Braden did not raise the ACCA argument below, this court can consult *Shepard* documents on appeal. *See id.* at 613 (consulting *Shepard* documents on appeal).[6] If the *Shepard* documents reveal that the defendant was convicted of an offense that qualifies as a "violent felony" under the ACCA's "force clause," then *Johnson* does not affect the defendant's designation as an Armed Career Criminal. *See United States v. Bernardini*, 616 F. App'x 212, 213 (6th Cir. 2015) (noting that "*Johnson* left the ACCA's use-of-force clause undisturbed").

---

[5] In contrast, under the categorical approach, the court "focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *Denson*, 728 F.3d at 607.

[6] Mr. Braden elected to raise this argument for the first time on appeal, seeking an expansion of the limited certificate of appealability that this court issued. However, after the government submitted the *Shepard* documents into the record, Mr. Braden argued that a remand is proper to allow the district court to decide the matter in the first instance. While it may have been unconventional for the government to file the *Shepard* documents after the appeal had been taken, the documents did not become relevant until Mr. Braden sought to enlarge his certificate of appealability to cover an issue that had not been presented before the district court. Mr. Braden cannot have it both ways. In any event, because this court can consult *Shepard* documents on appeal, we reject Mr. Braden's assertion that the case must be remanded for the district court to review the documents in the first instance, especially because remand would prove futile. *See Karimijanaki v. Holder*, 579 F.3d 710, 721 (6th Cir. 2009) (noting that a "remand is not required where such a gesture would be futile").

We have previously held that the Tennessee aggravated assault statue under which Mr. Braden was convicted (Tenn. Code Ann. 39-13-102) is a divisible statute, and therefore, the modified categorical approach is applicable. *United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014). In this case, Mr. Braden pled guilty to two counts of aggravated assault under the statute. Both indictments demonstrate that Mr. Braden necessarily pled guilty to a violation of subsection (a)(1)(B) of Tennessee Code Annotated § 39-13-102, which, at the time of Mr. Braden's conviction, criminalized "[i]ntentionally or knowingly commit[ting] an assault" while "us[ing] or display[ing] a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(1)(B).

In the first indictment, the grand jury charged Mr. Braden with "intentionally or knowingly . . . caus[ing] Tonya Renee Clark to reasonably fear imminent bodily injury, and [Mr. Braden] did use or display a deadly weapon, to wit: gun," for conduct he engaged in on April 10, 2002. In the second indictment, the grand jury charged Mr. Braden with "intentionally or knowingly . . . caus[ing] Tonya Renee Clark to reasonably fear imminent bodily injury, and [Mr. Braden] did use or display a deadly weapon, to wit: scissors," for conduct Mr. Braden engaged in on April 16, 2002. Because the grand jury charged that Mr. Braden "intentionally or knowingly" assaulted Ms. Clark with a deadly weapon, Mr. Braden must have been charged with and pleaded guilty to violating § 39-13-102(a)(1)(B). *Cf. Cooper*, 739 F.3d at 881 (holding that the defendant "must have been charged with violating and pleading guilty to" one of the provisions under § 39-13-102(a) because the grand jury charged that he had displayed a deadly weapon). Mr. Braden's aggravated assault convictions are considered violent felonies under the ACCA's "force" clause. *See United States v. Priddy*, 808 F.3d 676, 685-86 (6th Cir. 2015) (noting that an offense qualifies under the "force" clause where it "has an element" of "the use, attempted use, or threatened use of physical force against the person of another").

10

Because Mr. Braden was not convicted under the residual clause of the ACCA, *Johnson* does not affect his status as an Armed Career Criminal. *See Kemmerling*, 612 F. App'x at 375 (noting that *Johnson* only called the "residual clause" into question and not any other provision of the ACCA); *see also Bernardini*, 616 F. App'x at 213.

### III.    CONCLUSION

For the foregoing reasons, we **VACATE** the dismissal of the claims presented in the initial pro se § 2255 petition and **REMAND** the case to the district court with instructions to consider the arguments presented in Mr. Braden's initial pro se § 2255 petition, but we **AFFIRM** Mr. Braden's classification as an Armed Career Criminal under the ACCA.[7]

---

[7] Notably, Mr. Braden has two other appeals pending in this court: 15-5294 and 15-5465. Those two appeals have been consolidated into a separate case. While those appeals also raise challenges to Mr. Braden's sentence, the issues presented in those appeals are different, Mr. Braden is represented by separate counsel in those appeals, and nothing in the instant opinion affects the outcome of those appeals.