NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0434n.06

No. 15-5657

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 29, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KENDALL JOY, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. Kendall Joy, following his conditional guilty plea, appeals the denial of his motion to suppress. In a supplemental brief, Joy challenges his sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm.

On December 27, 2012, officers with the Millington Police Department received a report of an aggravated assault at an apartment complex. The first officer to arrive found three employees of a repossession company who were there to repossess a vehicle. One of the repossession employees reported that, while he was hooking the vehicle to his tow truck, Joy and his girlfriend came out of the apartment building and argued with them. Joy told his girlfriend to get a gun, and she went inside the apartment and returned with a large semiautomatic pistol. Joy pointed the firearm at the tow truck driver's head and threatened to kill the driver if he did not

release the vehicle from the tow truck. When the vehicle was released, Joy retreated to the apartment, and his girlfriend drove off in the vehicle.

After speaking with the repossession employees and a neighbor, the officers knocked and announced their presence at both the front and back doors of the apartment; they received no response. The apartment complex's maintenance supervisor unlocked the apartment's back door for the officers, who entered and found Joy in the living room. The officers placed Joy under arrest, handcuffed him, and patted him down but did not find any firearms on him. The officers conducted a sweep of the apartment, looking inside bedrooms and opening closets, and saw firearms in plain view. Three young children were located in a bedroom and were asked if there were firearms in the apartment; they responded that there were. The officers then obtained a warrant to search the apartment. Upon executing the warrant, the officers found and seized five firearms, magazines, and ammunition.

A federal grand jury subsequently returned an indictment charging Joy with five counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Joy filed a motion to suppress. After an evidentiary hearing and supplemental briefing, a magistrate judge recommended that Joy's motion to suppress be denied. In light of Joy's objections to the magistrate judge's report and recommendation, the district court conducted another evidentiary hearing. The district court adopted the magistrate judge's report and recommendation and denied Joy's motion to suppress.

On the third day of trial, Joy pleaded guilty to all five counts of the indictment, reserving his right to appeal the denial of his motion to suppress. Joy's presentence report classified him as an armed career criminal based on the following Tennessee convictions: (1) a 1988 conviction for first-degree burglary, (2) two 1994 convictions for aggravated assault, and (3) a 2007 conviction for unlawful possession of a controlled substance with intent to sell. Joy

challenged the use of his aggravated assault convictions as predicate offenses under the ACCA. At sentencing, the district court overruled Joy's objection and determined that he qualified as an armed career criminal. Varying downward from a guidelines range of 262 to 327 months, the district court sentenced Joy to 200 months of imprisonment.

This timely appeal followed. Counsel briefed the denial of Joy's motion to suppress. In light of Joy's pro se filings, this court ordered counsel to file supplemental briefs addressing whether the district court erred in sentencing Joy under the ACCA and whether he waived appellate review of this issue in his plea agreement.

In denying Joy's motion to suppress, the district court held that the officers' "entry into [Joy's] apartment, the warrantless arrest, and the overbroad protective sweep violated the Fourth Amendment" but that the government had "shown that the police would have inevitably obtained [a] search warrant and discovered [Joy's] firearms, despite the constitutional violations." (RE 64, Page ID # 359). On appeal, Joy challenges (1) the warrantless entry, asserting that there were no exigent circumstances, and (2) the protective sweep, asserting that there were no articulable facts to support a reasonable belief that the apartment harbored another individual posing a danger to those on the scene. But Joy fails to address the district court's reason for denying his motion to suppress—that "the search pursuant to warrant was in fact a genuinely independent source" of the firearms at issue. *Murray v. United States*, 487 U.S. 533, 542 (1988). By failing to address the district court's holding, Joy has waived appellate review of the denial of his motion to suppress. *See United States v. Thornton*, 609 F.3d 373, 380 (6th Cir. 2010). Joy filed a pro se motion to "remand to [the] district court to establish ineffective assistance of counsel on the record," mentioning counsel's failure to raise the independent-source issue in his appellate brief. A 28 U.S.C. § 2255 motion asserting ineffective-assistance-of-counsel claims may be brought by Joy in the district court. *See United States v. Kincaide*, 145 F.3d 771, 785

(6th Cir. 1998) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." (quoting *United States v. Seymour*, 38 F.3d 261, 263 (6th Cir. 1994))).

Joy also challenges his sentencing under the ACCA. In his plea agreement, Joy "waive[d] his right to appeal the sentence imposed by the Court and the manner in which the sentence is determined." (RE 124, Page ID # 460). While "we have held that appeal waivers do not bar defendants from appealing a sentence above the statutory maximum for the underlying offense," we have not "settle[d] whether a district court's error in determining a defendant to be an armed career criminal results in a supramaximal sentence, thereby barring an appeal waiver." *United States v. Amos*, 604 F. App'x 418, 422 (6th Cir. 2015) (citing *United States v. Caruthers*, 458 F.3d 459, 471-72 (6th Cir. 2006)), *cert. denied*, 136 S. Ct. 114 (2015). We need not address that issue here because the district court properly sentenced Joy as an armed career criminal.

The ACCA requires a 15-year mandatory minimum sentence for a defendant convicted under 18 U.S.C. § 922(g) who has three previous convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). Joy objects to the use of his 1994 Tennessee convictions for aggravated assault as predicate offenses under the ACCA. This court has held that the version of Tennessee's aggravated assault statute in effect at the time of Joy's convictions is not categorically a violent felony under the ACCA because the statute encompasses reckless as well as intentional conduct. *United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011). Because Tennessee's aggravated assault statute is divisible, we may consider the state court documents identified in *Shepard v. United States*, 544 U.S. 13, 26 (2005), to determine which subsection of the statute Joy was convicted of violating. *See Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016); *United States v. Cooper*, 739 F.3d 873, 880 n.2 (6th Cir. 2014). Citing *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013), Joy argues that the district court erred in applying

the modified categorical approach; however, *Descamps* involved an indivisible statute. *See Cooper*, 739 F.3d at 880 n.2. Although Joy entered a best-interest plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), his convictions can be predicate offenses for purposes of the ACCA if "the *Shepard* documents demonstrate with certainty that [he] pleaded guilty to a narrowed charge that would qualify as a 'violent felony.'" *McMurray*, 653 F.3d at 381. The state court indictments charged that Joy "did unlawfully and intentionally by use of a deadly weapon, to-wit: a pistol, cause [the victims] to reasonably fear imminent bodily injury." Joy's aggravated assault convictions therefore constitute violent felonies under the ACCA's use-of-force clause. *See Braden*, 817 F.3d at 933.

For the foregoing reasons, we **AFFIRM** the district court's judgment.