NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0490n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 23, 2019
DEBORAH S. HUNT, Clerk

CLAUDE F. GARRETT,               )
                                 )
    Petitioner-Appellant,        )
                                 )    ON APPEAL FROM THE UNITED
v.                               )    STATES DISTRICT COURT FOR
                                 )    THE MIDDLE DISTRICT OF
TONY MAYS, Warden,               )    TENNESSEE
                                 )
    Respondent-Appellee.         )
                                 )

BEFORE: ROGERS, WHITE, and READLER, Circuit Judges.

PER CURIAM. Claude F. Garrett, a Tennessee prisoner represented by counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. As set forth below, we **VACATE** the district court's judgment and **REMAND** for further proceedings.

After a retrial, a jury convicted Garrett of first-degree felony murder arising out of a 1992 house fire that killed his girlfriend. Garrett received a life sentence. On direct appeal, the Tennessee Court of Criminal Appeals affirmed Garrett's conviction. *State v. Garrett*, No. M2004-02089-CCA-R3-CD, 2005 WL 3262933 (Tenn. Crim. App. Dec. 1, 2005), *perm. app. denied* (Tenn. May 1, 2006).

In 2013, after unsuccessfully seeking post-conviction relief in the Tennessee courts, Garrett filed a pro se habeas petition and memorandum in support raising thirty-five grounds for relief. The district court appointed counsel to represent Garrett and granted sixty days to "file an amended petition, if necessary." (R. 6, PageID 647). Counsel filed an amended habeas petition listing seven

claims for relief and stating: "This amended petition does not super[s]ede or replace Mr. Garrett's *pro se* Petition (D.E. 1, Petition and attached Appendices) or his Memorandum in support thereof. (D.E. 2.) Rather, it supplements those documents, and therefore all allegations contained therein remain before this Court." (R. 12, PageID 655). The amended habeas petition further stated that "Garrett relies upon all facts contained [in the state court record], as well as those contained in his *pro se* filings." (*Id.* PageID 656).

The district court subsequently denied habeas relief. In doing so, the district court "deem[ed] the amended petition to supersede the pro se petition and the claims therein" and "deem[ed] the claims in the pro se petition to be waived," unless those claims were "adopted and supported by legal memorandum." (R. 23, PageID 5192). As for Garrett's amended habeas petition, the district court concluded that his claims either lacked merit or were procedurally defaulted. The district court granted a certificate of appealability on all non-defaulted claims. Garrett moved to alter or amend the district court's judgment pursuant to Federal Rule of Civil Procedure 59(e), submitting new evidence. The district court denied Garrett's Rule 59(e) motion but granted a certificate of appealability as to whether his newly submitted evidence should be considered.

Garrett filed a timely notice of appeal and moved this court to expand the certificate of appealability granted by the district court. Granting Garrett's motion, this court expanded the certificate of appealability to include whether his amended habeas petition superseded his pro se habeas petition, such that he waived the claims raised in his pro se habeas petition.

Garrett argues—and the respondent concedes—that, in light of this court's decision in *Braden v. United States*, 817 F.3d 926 (6th Cir. 2016), we should remand the case to the district court to address the claims raised in his pro se habeas petition. In *Braden*, this court acknowledged

that, "[g]enerally, amended pleadings supersede original pleadings." *Id*. at 930 (quoting *Hayward v. Cleveland Clinic Found*., 759 F.3d 601, 617 (6th Cir. 2014)). This court recognized an exception "to this rule where a party evinces an intent for the amended pleading to supplement rather than supersede the original pleading." *Id*. "An amended pleading supersedes a former pleading if the amended pleading 'is complete in itself and does not refer to or adopt a former pleading[.]'" *Id*. (alteration in original) (quoting *Shreve v. Franklin Cty*., 743 F.3d 126, 131 (6th Cir. 2014)). As in this case, the petitioner in *Braden* filed a pro se petition, the district court appointed counsel, and counsel filed an amended petition, stating that the amended petition "does not abrogate" the claims raised in the pro se petition but rather "supplements" those claims. *Id*. This court held that the district court erred in treating the petitioner's pro se petition as superseded by his habeas petition: "Because the amended petition was not 'complete in itself' and because it referred to and adopted the prior petition, the amended petition did not supersede the original petition. [The petitioner] unequivocally evinced an intent to supplement his original petition." *Id*. at 931 (internal citation omitted).

Garrett's amended habeas petition likewise "unequivocally evinced an intent to supplement his original petition." *Id.* The district court therefore erred in deeming Garrett's pro se habeas petition superseded by his amended habeas petition and deeming the claims raised in his pro se habeas petition waived.

Following *Braden*, Garrett's filings are properly considered to be a single habeas petition. *See id*. (stating that "the amended petition was not 'complete in itself'"). Although the district court resolved the claims raised in Garrett's amended habeas petition, it has not reached the claims raised in his pro se habeas petition. Because some of those claims overlap, we decline to consider the claims raised in the amended habeas petition independently.

Accordingly, we **VACATE** the district court's judgment and **REMAND** to the district court to consider Garrett's habeas petition in full and make all appropriate factual findings and legal determinations.