**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0538n.06

No. 17-2003

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 21, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JEFFREY MALONE, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION** |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: CLAY, STRANCH, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** At issue in this case is whether conviction under Michigan's second-degree home invasion statute constitutes a violent felony for purposes of the Armed Career Criminal Act's ("ACCA") sentencing enhancement. *See* 18 U.S.C. § 924(e). Upon pleading guilty to being a felon in possession of a firearm, Jeffrey Malone faced a mandatory minimum sentence of 180 months' (15 years) imprisonment under the ACCA based on three prior violent felony convictions—at least one of which was second-degree felony home invasion. He was sentenced as an armed career criminal to 108 months, then later filed a 28 U.S.C. § 2255 petition challenging that designation. The district court denied relief. Because Michigan's second-degree home invasion statute substantially corresponds to or is narrower than the definition of generic burglary under the ACCA, we **AFFIRM** the decision of the district court.

## I. BACKGROUND

On April 5, 2012, Jeffrey Malone pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). While his Guidelines range was 151-188 months' imprisonment, Malone was found subject to a 15-year (180 month) mandatory minimum pursuant to § 924(e) based on his three violent felony convictions, one or more of which were for second-degree home invasion under Michigan law. Malone was sentenced to 108 months' imprisonment, and he did not appeal. In 2016, Malone filed a § 2255 motion to vacate his sentence contending that his home invasion conviction no longer qualifies as an ACCA predicate felony, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), because Michigan's statute is broader than a generic burglary.[1] The district court concluded that Malone's prior home invasion conviction remained a violent felony for ACCA purposes, even under the parameters set forth in *Johnson* and *Mathis*. *See United States v. Malone*, No. CR 11-20668, 2017 WL 3531392, at *3–5 (E.D. Mich. Aug. 17, 2017). It further reasoned, however, that reasonable jurists could find the court's holding on the home invasion issue debatable based on our then-recent en banc decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), *rev'd*, 139 S. Ct. 399 (2018), and issued a certificate of appealability as to that claim. *Malone*, 2017 WL 3531392, at *6.

---

[1] Malone made the same argument for a prior arson conviction, which also counted as a predicate violent felony for ACCA purposes. But the district court rejected this argument. The certificate of appealability issued by the district court does not extend to Malone's arson conviction.

Malone timely appealed. We agreed to hold his case in abeyance while awaiting the resolution of two relevant cases pending before the Supreme Court. In *Quarles v. United States*, the Court considered whether Michigan's third-degree home invasion statute—which shares the definition of "dwelling" at issue in Malone's challenge—is broader than generic burglary for ACCA purposes because it criminalizes "remaining-in" burglaries, where a defendant's intent to commit a crime forms after entering a building or structure but while unlawfully remaining inside. 139 S. Ct. 1872, 1875 (2019). *United States* v. *Stitt*, the Supreme Court's review of our en banc decision, concerned whether a burglary statute that covers "vehicles designed or adapted for overnight use takes the statute outside the generic burglary definition," and passed, in part, on a Tennessee law that, like Michigan's, sweeps appurtenant structures into its definition of applicable buildings. 139 S. Ct. 399, 407 (2018). Both cases have now been decided.

## II.    ANALYSIS

### A.  Standard of Review

When reviewing a district court's denial of a § 2255 motion, we review legal conclusions de novo and factual findings for clear error. *Braden v. United States*, 817 F.3d 926, 929 (6th Cir. 2016). "Section 2255 provides federal prisoners with a means to secure a second look at the legality of their conviction or sentence, beyond the direct appeal of right." *Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013). We consider de novo whether a prior criminal conviction qualifies as a violent felony for purposes of an ACCA sentencing enhancement. *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014).

## B. Discussion

The ACCA requires a mandatory minimum sentence of 15 years for a person convicted of a firearms offense under § 922(g), if that defendant has three prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). Relevant here, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that meets at least one of the following three conditions: it "[1] has as an element the use, attempted use, or threatened use of physical force against the person of another; or [2] is burglary, arson, or extortion, involves use of explosives, or [3] otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). We refer to the first as the "use of physical force" or the "elements" clause; the second as the "enumerated felonies" clause; and the third as the "residual clause."[2] *Mitchell*, 743 F.3d at 1058; *Braden*, 817 F.3d at 932. The district court found that Michigan's second-degree home invasion statute constitutes a violent felony under the ACCA's enumerated felony clause because it corresponds to the definition of generic burglary. *Malone*, 2017 WL 3531392, at *5.

To determine whether a criminal statute qualifies as a violent felony, courts employ a "categorical approach." *Mitchell*, 743 F.3d at 1058. Courts must evaluate the prior state conviction "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Stitt*, 139 S. Ct. at 405 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). "This approach 'avoid[s] the practical difficulties and potential unfairness of permitting a sentencing court to relitigate facts and delve into the details of

---

[2] The ACCA's residual clause was held unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

a prior conviction.'" *Mitchell*, 743 F.3d at 1058 (alteration in original) (quoting *United States v. Bartee*, 529 F.3d 357, 359 (6th Cir. 2008)). "A defendant's prior conviction under a state statute qualifies as a predicate burglary under § 924(e) if the state statute—regardless of its 'exact definition or label'—'substantially corresponds' to or is narrower than the generic definition of burglary." *Quarles*, 139 S. Ct. at 1877 (quoting *Taylor v. United States*, 495 U.S. 575, 599, 602 (1990)). But "[a] prior state conviction . . . does not qualify as a generic burglary under the Act where 'the elements of [the relevant state statute] are broader than those of generic burglary.'" *Stitt*, 139 S. Ct. at 405 (third alteration in original) (quoting *Mathis*, 136 S. Ct. at 2257). The Supreme Court set forth the contours of generic burglary in *Taylor*: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598 (footnote omitted).

The Michigan second-degree home invasion statute that was in effect at the time Malone was convicted, stated:

> [a] person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the second degree.

Mich. Comp. Laws § 750.110a(3) (1994) (amended 1999). A "dwelling" for purposes of the statute "means a structure or shelter that is used permanently or temporarily as a place of abode, *including an appurtenant structure attached to that structure or shelter.*" *Id.* § 750.110a(1)(a) (emphasis added).[3] Malone now argues that because its definition of a dwelling includes

---

[3] During sentencing, the court referenced Malone's conviction for second-degree home invasion in 1997. For ACCA purposes, the version of the statute in effect at the time of his conviction was not materially different than subsequent versions.

"appurtenant structure[s]," Michigan's statute is broader than generic burglary and cannot serve as a predicate felony.

The dispute here distills to whether the inclusion of appurtenant structures in the Michigan home invasion statute removes it from the province of generic burglary. The district court rejected Malone's argument that, by encompassing appurtenant structures, the Michigan statute covers more than the "building or other structure" defined in *Taylor*. *Malone*, 2017 WL 3531392, at \*4; 495 U.S. at 598. It reasoned that a violent felony under the ACCA is analytically parallel to a "crime of violence" under the federal Sentencing Guidelines; that the Sixth Circuit has, time and again, found second-degree home invasion in Michigan to qualify as a crime of violence; and, that any exception given to non-dwelling appurtenant structures in the Guidelines caselaw is inapposite here, where the only appurtenant structures swept up are those "attached to" an abode. *Malone*, 2017 WL 3531392, at \*4. The district court determined that, because the Michigan statute covers only "buildings and structures," it falls squarely within the terrain of generic burglary. *Id.*, at \*5. We review the question de novo.

It is critical that *Taylor*'s generic burglary definition is not cabined to dwellings. As the Supreme Court reiterated in *Stitt*, generic burglary includes common law burglary—"breaking and entering a dwelling at night with intent to commit a felony"—but, it also "must include more" than the common law definition to be relevant to "modern law enforcement concerns." *Stitt*, 139 S. Ct. at 405. "[B]y the time the [ACCA] was passed in 1986, most States had expanded the meaning of burglary to include 'structures other than dwellings.'" *Id.* (quoting *Taylor*, 495 U.S. at 593). While

6

*Quarles* and *Stitt* concerned questions at the margins of the generic burglary definition, they did nothing to curtail the definition's inclusion of non-dwelling buildings and structures.

Malone maintains, however, that appurtenant structures should nevertheless fall outside the definition of generic burglary. In *United States v. Lara*, we analyzed whether Tennessee's aggravated burglary statute, which includes the same term, qualified as a "burglary of a dwelling" for purposes of the Sentencing Guidelines. 590 F. App'x 574 (6th Cir. 2014). We concluded "that 'appurtenant to' can mean that an object is physically attached to another object, but it can also imply a relationship between two objects. It follows that an unattached shed, for example, is appurtenant to a house because the shed belongs to the house." *Id.* at 579. But the *Stitt* Court held, when considering the same Tennessee statute, that appurtenant structures fall within the generic burglary definition. 139 S. Ct. at 406–07 ("We . . . disagree with Stitt's argument that the 'appurtenant to' provision [pertaining to appurtenant structures] sweeps more broadly than generic burglary, as defined in *Taylor*."). To the extent that the Michigan and Tennessee appurtenant structure provisions differ, Michigan's is narrower. It includes only appurtenant structures that are attached to a place of abode. Mich. Comp. Laws § 750.110a(1)(a). Michigan's second-degree home invasion statute therefore falls within the dimensions of generic burglary.

As a final note, we return to a policy touchstone invoked throughout the Court's caselaw on generic burglary and the ACCA. "Congress, as we said in *Taylor*, viewed burglary as an inherently dangerous crime because burglary 'creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'"

7

No. 17-2003, *Malone v. United States*

*Stitt*, 139 S. Ct. at 406 (quoting *Taylor*, 495 U.S. at 588); *accord Quarles*, 139 S. Ct. at 1879. This concern accords with our conclusion.

## III. CONCLUSION

For the foregoing reasons we **AFFIRM** the district court's § 2255 order.