NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0293n.06

No. 21-5782

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 23, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| RANITO ALLEN, | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent-Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

OPINION

Before: MOORE, ROGERS, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Ranito Allen was convicted on five counts of aiding and abetting attempted murder in aid of racketeering and one count of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence. One of the attempted murder convictions served as the predicate offense for Allen's firearm conviction. Allen moved for relief pursuant to 28 U.S.C. § 2255, contending that (1) his firearm conviction is invalid because the predicate attempted-murder conviction does not constitute a crime of violence; and (2) his trial counsel was ineffective for failing to challenge his firearm conviction on the ground that the predicate offense was not a crime of violence. The district court denied Allen's motion, finding that the predicate offense did constitute a crime of violence. Allen now timely appeals. For the reasons that follow, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

In October 2015, Allen and several others were arrested in connection with a June 2014 gang-related shooting that wounded five victims. No. 2:15-cr-20141-SHM, R. 396 (Presentence Investigation Report ("PSR") at 2, 11–12) (Page ID #1158, 1167–68). Allen was indicted on five counts of aiding and abetting attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 2, 1959(a)(5), five counts of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). No. 2:15-cr-20141-SHM, R. 241 (2d Superseding Indictment at 13–22) (Page ID #514–23).

Allen subsequently pleaded guilty on five counts of aiding and abetting attempted murder in aid of racketeering and one count of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence. No. 2:15-cr-20141-SHM, R. 359 (Order on Change of Plea) (Page ID #907). As part of his plea agreement, Allen admitted that he participated in an act of retaliation against a rival gang that resulted in the shooting of five victims, all of whom survived. No. 2:15-cr-20141-SHM, R. 355 (Factual Basis at 6–7) (Page ID #901–02). Four of the five victims were minors, and some of them "sustained serious bodily injuries." *Id.* at 7 (Page ID #902). The government then moved to dismiss the remaining counts against Allen. No. 2:15-cr-20141-SHM, R. 412 (J. at 1) (Page ID #1288). The district court sentenced Allen to 120 months' incarceration on three of the attempted murder counts, 52 months' incarceration on the remaining two attempted murder counts, and 120 months' incarceration on the firearm count, to be served consecutively, for a total term of 292 months' incarceration. *Id.* at 3 (Page ID #1290).

Allen did not appeal his conviction or sentence. No. 2:18-cv-02371-SHM, R. 1 (§ 2255 Motion at 3) (Page ID #2). In June 2018, Allen filed a motion pursuant to 28 U.S.C. § 2255. *Id.* at 2 (Page ID #1). His motion raised two grounds for relief: (1) his conviction and sentence for aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), are invalid because the predicate attempted-murder conviction does not constitute a crime of violence; and (2) his trial counsel was ineffective for failing to object to his conviction and sentence on that ground. *Id.* at 5–6 (Page ID #4–5).

The district court denied Allen's motion, finding that the predicate offense was a crime of violence. No. 2:18-cv-02371-SHM, R. 12 (Order Den. Mot. at 13) (Page ID #106). We granted a certificate of appealability on both grounds. No. 2:18-cv-02371-SHM, R. 18 (Order at 4) (Page ID #153).

## II. ANALYSIS

Allen argues that (1) his firearm conviction is invalid because the predicate attempted-murder conviction does not constitute a crime of violence; and (2) his trial counsel was ineffective for failing to challenge his firearm conviction on the ground that the predicate offense was not a crime of violence. For both of Allen's claims, the dispositive question is whether his aiding and abetting attempted-murder conviction constitutes a crime of violence such that it can serve as a predicate offense for his firearm conviction pursuant to § 924(c). Because we have issued opinions that control this question since we granted the certificate of appealability in this case, we hold that Allen's predicate conviction does constitute a crime of violence and that his firearm conviction is therefore sound.

3

To secure a conviction pursuant to § 924(c), the government must show that the firearm was used or carried "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), holding that the residual-clause definition of a "crime of violence" is unconstitutionally vague, we define a crime of violence by the elements clause of § 924(c), which provides that a crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).

The predicate offense here was one of the counts of aiding and abetting attempted murder in aid of racketeering, which constitutes a violation of 18 U.S.C. § 1959(a)(5), also known as the Violent Crimes in Aid of Racketeering ("VICAR") statute. A VICAR conviction in turn requires evidence of "murder[], kidnap[ping], maim[ing], assault[] with a dangerous weapon, commit[ting] assault resulting in serious bodily injury upon, or threaten[ing] to commit a crime of violence against any individual in violation of the laws of any State or the United States." 18 U.S.C. § 1959(a). Here, the predicate offense for Allen's VICAR conviction was Tennessee attempted second-degree murder. No. 2:15-cr-20141-SHM, R. 241 (2d Superseding Indictment at 14) (Page ID #515). At the time of Allen's offense, Tennessee defined second-degree murder as:

(1) A knowing killing of another; or

(2) A killing of another that results from the unlawful distribution of any Schedule I or Schedule II drug, when the drug is the proximate cause of the death of the user.

TENN. CODE ANN. § 39-13-210(a) (2008).

We recently held that the version of the Tennessee second-degree murder statute in effect at the time of Allen's offense is divisible and that the modified categorical approach applies to the determination of whether it constitutes a crime of violence. *United States v. Martin*, No. 22-5278,

4

2023 WL 2755656, at *5 (6th Cir. Apr. 3, 2023), *pet. for cert. filed*, 2023 WL 2755656 (U.S. June 12, 2023) (No. 22-7760).  We further held that the knowing-killing subsection of the Tennessee second-degree murder statute "has as an element the attempted use of physical force against the person of another" and that an individual convicted of attempted murder in violation of the knowing-killing subsection of the statute thus has committed a crime of violence.  *Id.* at *6–7.  Therefore, if Allen's VICAR conviction was predicated on a violation of the knowing-killing subsection, § 39-13-210(a)(1), it constituted a crime of violence.

"Under the modified categorical approach," we "may look at a 'limited class of documents . . . to determine which alternative [element] formed the basis of the defendant's prior conviction[.]'" *Braden v. United States*, 817 F.3d 926, 932 (6th Cir. 2016) (quoting *United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013)) (alterations in original).  This includes charging documents. *Shepard v. United States*, 544 U.S. 13, 16 (2005).  The indictment charged that Allen "did intentionally and knowingly attempt to murder D.S. in violation of Tennessee Code Annotated, Section 39-13-210."  No. 2:15-cr-20141-SHM, R. 241 (2d Superseding Indictment at 14) (Page ID #515).  Although the indictment does not specify which subsection Allen was charged under, the charging language clearly tracks the language of § 39-13-210(a)(1), to the exclusion of any language relevant to obtaining a conviction pursuant to § 39-13-210(a)(2).

As in *Martin*, we can therefore determine that the predicate offense for Allen's VICAR conviction was a violation of the knowing-killing variant of the Tennessee second-degree murder statute, and that it constituted a crime of violence.  *See Martin*, 2023 WL 2755656, at *5.  And because the predicate offense for Allen's VICAR conviction constitutes a crime of violence, the VICAR conviction itself must also be a conviction for a crime of violence.  *See Battle v. United*

5

*States*, No. 21-5457, 2023 WL 2487342, at *2 (6th Cir. Mar. 14, 2023) (denying relief pursuant to § 2255 and holding that a VICAR murder conviction predicated on the Tennessee first-degree murder statute constituted a crime of violence). As we explained in *Battle*, "[w]e are bound by [*United States v.*] *Harrison*, [54 F.4th 884 (6th Cir. 2022),] which held that murder always involves the use of physical force, even when committed by omission." *Id.* at *3. We cannot see any reason to distinguish this case from our prior holdings. Because the predicate offense for Allen's firearm conviction—his VICAR attempted-murder conviction—constitutes a crime of violence, we hold that his firearm conviction is valid and that his trial counsel was not ineffective for failing to challenge his firearm conviction on that ground.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.