**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0130n.06

**No. 09-5495**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

***Feb 02, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| ANTONIO DWAYNE CLARK, | ) | |
| | ) | |
| Defendant-Appellant, | ) | OPINION |
| | ) | |
| _____ | ) | |

**Before: CLAY and STRANCH, Circuit Judges; BARRETT, District Judge.**[*]

**Michael R. Barrett, District Judge.** Appellant Antonio Dwayne Clark was convicted of Possession of a Firearm by a Convicted Felon under 18 U.S.C. § 922(g)(1), classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), and sentenced to 180 months imprisonment. Two of the convictions used to classify Clark as an armed career criminal under the ACCA were for wanton endangerment, violations of Kentucky Revised Statute ("KRS") § 508.060.

Clark challenges his classification as an armed career criminal and argues that the district court erred in finding that Kentucky's wanton endangerment offense constituted a violent felony under the ACCA. For the reasons that follow, we **AFFIRM** the sentence of the district court.

_____

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

## I.

Antonio Dwayne Clark was indicted on October 2, 2008, on one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government alleged that in July 2008, Clark fled from Lexington, Kentucky police officers during a traffic stop. During the pursuit Clark allegedly dropped a firearm, which, as a convicted felon, he was prohibited from possessing. Along with the criminal charge, the government also filed a notice specifying that Clark be classified as an armed career criminal under the ACCA, based in part on two previous convictions for wanton endangerment. After a one-day jury trial Clark was convicted as charged. Sentencing was set for March 27, 2009.

Prior to sentencing, Clark filed an objection to the presentence investigation report, arguing, inter alia, that under the United States Supreme Court decision in *Begay v. United States*, 553 U.S. 137 (2008), crimes such as wanton endangerment could not be classified as violent crimes.

At the March sentencing hearing, the district judge continued the sentencing date to April 9, 2009, and requested that the parties submit briefs on the applicability of the decision in *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009), a case where we rejected the district court's classification of Tennessee's reckless endangerment offense as a crime of violence under the United States Sentencing Guidelines.

At the April sentencing hearing, the district judge addressed Clark's objections to his classification as an armed career criminal under 18 U.S.C. § 924(e) and to the district court's consideration of "extraneous" matters beyond the statutory definition in determining whether Clark's convictions were violent felonies for purposes of the ACCA. The district judge determined that

while Kentucky's wanton endangerment statute clearly criminalized conduct that presents a serious potential risk of physical injury to another, the court must decide whether the offense involved the kind of purposeful, violent, and aggressive conduct similar to the enumerated examples of burglary, arson, extortion, and offenses involving explosives found in § 924(e)(2)(B)(ii).

The district judge found that the Kentucky statute was facially ambiguous because it was not clear whether it criminalized purposeful, violent, and aggressive conduct. To determine whether Clark's offenses were violent felonies under the ACCA, the district judge looked beyond the statutory definition of wanton endangerment to the documents and findings underlying the conviction.

The district court ultimately found that Clark's prior convictions for wanton endangerment were violent felonies because they involved the firing of a weapon into a home and vehicle, which the court found were similar in kind and degree of risk posed to the enumerated examples. The district judge overruled Clark's objections to the presentence report and classified him as an armed career criminal. Clark was sentenced to the mandatory minimum term under the ACCA -- 180 months in the Bureau of Prisons.

## II.

We review *de novo* the legal question of whether a prior conviction constitutes a "crime of violence" under the ACCA. *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004).

The ACCA, 18 U.S.C. § 924(e), provides in relevant part as follows:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of

this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .

(2) As used in this subsection— . . .

(B) The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Two of the statute's provisions define the term "violent felony," including the so-called "residual" clause of part (ii), which includes offenses not otherwise listed in § 924(e) that nonetheless present a "serious potential risk of physical injury to another." When the statutory elements of an offense do not include the use, attempted use, or threatened use of physical force against another, and when the offense is not burglary, arson, extortion, or involves use of explosives, then the question is whether the offense constitutes a violent felony under the residual clause of the ACCA.

Previously, when determining whether an offense qualified as a violent felony under the ACCA's residual clause, we applied a two-part test: (1) whether the offense "poses a serious potential risk of physical injury to others"; and (2) whether the offense "involves the same kind of purposeful, violent, and aggressive conduct as the enumerated offenses of burglary, arson, extortion,

or offenses involving the use of explosives." *United States v. Benton*, 639 F.3d 723, 731 (6th Cir. 2011) (quoting *United States v. Young*, 580 F.3d 373, 377 (6th Cir. 2009)).

Recently, however, the United States Supreme Court narrowed the application of the purposeful, violent, and aggressive formulation of the residual clause, clarifying that while it is a consideration in determining whether an offense is similar to the enumerated offenses of § 924(e)(2)(B)(ii), or more "akin to strict liability, negligence, and recklessness crimes," it is not required, and should not be the main point of comparison. *Sykes v. United States*, 131 S. Ct. 2267, 2276 (2011). In *Sykes*, the Supreme Court reiterated that risk levels provide a categorical and manageable standard. *Id.*

When analyzing whether an offense constitutes a violent felony under the ACCA, we use the "categorical" approach and look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). But, when we are faced with a criminal law that may be violated in a way that amounts to a crime of violence, and a way that does not, we may look beyond the elements of the crime, to the indictment, guilty plea, and similar documents to see if they establish the nature of the prior offense. *United States v. Ford*, 560 F.3d 420, 422 (6th Cir. 2009) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

In this case, Clark's previous convictions under Kentucky's wanton endangerment statute were two of the predicate offenses on which the district court based its classification of Clark as an armed career criminal under the ACCA.

5

The district court went beyond the "categorical" approach in determining whether Clark's offenses were violent felonies, finding that "the Kentucky statute is facially ambiguous because it is not entirely clear from the face of the Kentucky statute whether it criminalizes the type of purposeful violent and aggressive conduct as in enumerated examples." (R.48, Sentencing Hr'g. Tr. 13:5–9.) The district court found it necessary to consider "the charging document, written plea agreement, transcript of plea colloquy, and any explicit finding by the trial judge associated with Mr. Clark's convictions to determine whether they were for crimes of violence." (*Id.* at 13:10–14.)

After looking beyond the statutory definition of Clark's offenses, the district court found that Clark's prior convictions were for violent crimes, "as they involved the firing of a weapon into a home and a vehicle which are similar in kind and degree of risk posed to the enumerated examples." (*Id.* at 13:15–20.)

Clark argues that Kentucky's wanton endangerment statute is not a categorically violent felony under the ACCA, and that the district court erred by going beyond the categorical approach to determine whether a conviction based on a facially ambiguous statute was a violent felony under the ACCA. We disagree. Because Kentucky's wanton endangerment statute involves a substantial risk of death or serious physical injury to another, and requires proof of a mental state with a higher level of culpability than crimes involving recklessness, negligence, or strict liability, it qualifies as a violent felony under the ACCA's residual clause.

Under Kentucky law, a person is guilty of wanton endangerment in the first degree when, "under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another

6

person." KRS § 508.060. Wanton conduct occurs when a person is "aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." KRS § 501.020(3). In order to constitute wanton conduct, the risk must "be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id.*

In Kentucky, wanton endangerment is not limited to specific types of conduct, and examples of previous convictions for violations of the statute illustrate both the heightened level of mental culpability and the active conduct involved in the offense. *See Paulley v. Commonwealth*, 323 S.W.3d 715 (Ky. 2010) (defendant shot through front door of home with nine people present); *Fister v. Commonwealth*, 133 S.W.3d 480 (Ky. Ct. App. 2003) (engineer operated heavy machinery close to person repairing gas line); *Hancock v. Commonwealth*, 998 S.W.2d 496 (Ky. Ct. App. 1998) (intercourse with partner without informing partner of being HIV positive).

Applying the categorical approach in light of the revised emphasis on risk required by *Sykes*, Kentucky's first-degree wanton endangerment offense constitutes a violent felony under the ACCA. The offense includes a substantial danger of death or serious physical injury to another, which is clearly the type of serious, physical risk envisioned by the drafters of the ACCA. In addition, the offense involves a conscious disregard of the risk, an active mental state more closely related to the enumerated examples of burglary, arson, extortion, and offenses involving explosives, than it is to offenses that include a mental state of recklessness, negligence, or no mental state at all under strict liability. This analysis and result comport with our recent decision in *United States v. Meeks*, — F.3d —, No. 10-5336, 2012 WL 15169, at \*3 (6th Cir. Jan. 5, 2012) (footnote omitted). ("We can

7

conceive of no way to violate the Kentucky first degree wanton endangerment statute in a way that would not present the same level of risk as the listed crimes. Accordingly, in light of *Sykes*'s retreat from *Begay*'s 'purposeful, violent, and aggressive conduct' inquiry, we again conclude that wanton endangerment is categorically a 'crime of violence' for purposes of § 4B1.1.")

We find that Kentucky's first-degree wanton endangerment is categorically a violent felony under the ACCA, and therefore it is unnecessary to reach the question of whether the trial judge erred in applying the modified categorical analysis in Clark's case.

**III.**

The judgment is **AFFIRMED**.