RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0110p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 13-5427

*v.*

LERONDRICK ELLIOTT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:11-cr-00017-1—Charles R. Simpson III, District Judge.

Decided and Filed: May 23, 2014[*]

Before: MOORE, WHITE, and DONALD, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Andrew P. Avellano, Columbus, Ohio, for Appellant. Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

HELENE N. WHITE, Circuit Judge. Lerondrick Elliott appeals his 180-month sentence for felon in possession of a firearm, arguing that the district court erred in treating his Kentucky conviction of facilitation to robbery, first degree, as a "violent felony" under the Armed Career Criminal Act ("ACCA"). We **AFFIRM**.

_____
[*]This decision was originally issued as an "unpublished decision" filed on May 23, 2014. The court has now designated the opinion as one recommended for full-text publication.

1

**I.**

On December 8, 2010, Louisville Police stopped a vehicle in which Elliott was a passenger for a traffic violation.  Elliott fled on foot and discarded a semi-automatic pistol and $4,000 in counterfeit currency.  He pleaded guilty of being a felon in possession of a firearm, 18 U.S.C. § 922(a), and counterfeiting, 18 U.S.C. § 472, pursuant to a plea agreement that reserved his right to challenge his status as an armed career criminal under 18 U.S.C. § 924(e).

The ACCA increases the sentences of certain federal defendants who have three prior convictions for a "serious drug offense" or a "violent felony."  Elliott had several prior convictions.  In August 1998, he pleaded guilty of first-degree cocaine trafficking; and in March 1999, he pleaded guilty of facilitation to robbery, first degree, Ky. Rev. Stat. Ann. § 506.080 and Ky. Rev. Stat. Ann. § 515.020, and first-degree trafficking in cocaine.  Elliott's Presentence Report concluded that he had the requisite three prior felony convictions.  Elliott objected to the Presentence Report's recommendation that he be sentenced as an armed career criminal, arguing that facilitating a robbery is not a violent felony under the ACCA.  The district court disagreed and sentenced Elliott to the minimum sentence permitted by the ACCA, 180 months in prison.

**II.**

Section 924(e) provides in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(2)(A).  The term "violent felony" is defined as:

> Any crime punishable by imprisonment for a term exceeding one year, . . .  that **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

Courts generally refer to § 924(e)(2)(B)(i) as the "force" prong, to the portion of § 924(e)(2)(B)(ii) listing specific offenses as the "enumerated felonies" prong, and to the portion of § 924(e)(2)(B)(ii) covering conduct involving a serious potential risk of physical injury as the "residual clause." *United States v. Johnson*, 707 F.3d 655 (2013).

Whether a prior offense is a violent felony is determined by considering the offense generically, that is, "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141–42 (2008) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)); *see also United States v. Mosley*, 575 F.3d 603, 606–07 (6th Cir. 2009). This "categorical approach" requires that we examine the elements of the crime of which the defendant was previously convicted. In the context of the enumerated felonies prong of the ACCA, we compare those elements to the elements of the enumerated 'generic' crime—*i.e.,* the offense as commonly understood. *Descamps v. United States* 133 S. Ct. 2276, 2281 (2013). The prior conviction qualifies as an enumerated felony only if the crime's statutory elements are the same as, or narrower than, those of the generic offense. *Id.*

*Descamps* clarifies prior case law and explains that a court may employ the modified categorical approach, which involves looking to additional documents beyond the elements of a crime, only when a criminal statute is "divisible," i.e., if it provides for alternative elements, some of which satisfy the elements of the generic offense and some of which do not. A burglary statute that specifically criminalizes both breaking and entering a car and breaking and entering a residence would be such a statute. A sentencing court is permitted to look to the indictment, judgment of conviction or verdict to determine whether the defendant was convicted of the crime of breaking and entering a house or the crime of breaking and entering a car. However, where a criminal statute is simply broader than the generic crime, criminalizing a broader range of conduct than the relevant generic offense, a sentencing court may not look to the facts of the offense to determine whether the actual crime committed fits within the ACCA. *Descamps*, 133 S. Ct. at 2281. In other words, for the purpose of the federal sentence enhancement, it does not matter what the defendant did; all that matters is the crime of which he was convicted.

**III.**

This court "review[s] de novo a district court's determination that a defendant should be sentenced as an armed career criminal." *United States v. Vanhook*, 640 F.3d 706, 709 (6th Cir. 2011).  Findings of fact underlying a district court's sentencing calculations are reviewed for clear error and the district court's conclusions of law are reviewed de novo.  *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).

**A**.

Kentucky's facilitation statute provides:

> A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.

Ky. Rev. Stat. Ann. § 506.080.  Here, the crime Elliot was convicted of facilitating was robbery, first degree, which is defined as:

> A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he: (a) Causes physical injury to any person who is not a participant in the crime; or (b) Is armed with a deadly weapon; or (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Ky. Rev. Stat. Ann. § 515.020.

Elliott acknowledges that robbery, first degree, is a violent felony under the ACCA.  He argues, however, that by reaching down into the armed robbery charge to attach the "force" necessary for a violent offense, the sentencing court violated *Descamps*.  More specifically, he contends 1) that the Kentucky offense of facilitation to commit a crime does not have as one if its elements the requisite "use, attempted use, or threatened use of physical force against another," which would render it a crime of violence under U.S.S.G § 4B1.2(a), and 2) *Descamps* prohibits looking at the actual facts of the offense to find the use of force.

Elliott is correct that independent of the underlying crime that is being facilitated, Kentucky's statute is broad in how it defines facilitation and does not meet the force prong's

narrow definition of "use, attempted use or threatened use of physical force against another." He is also correct that to the extent the district court examined the facts underlying the facilitation to commit robbery conviction and focused on Elliott's providing a handgun to the robber, it ran afoul of *Descamps*. However, Elliott was not convicted of facilitation in the abstract; he was convicted of facilitation to commit robbery, first degree. We turn then to the elements of that offense.[1]

In Kentucky, the elements of facilitation to commit robbery, first degree, are 1) the defendant knew that another person was committing or intended to commit robbery, first degree, 2) the defendant engaged in conduct that he knew would provide the person with means or opportunity to commit the crime, and 3) the defendant's conduct in fact aided the person to commit the offense.[2]

**B.**

Focusing on the elements of facilitation to commit robbery, first degree, our analysis is guided by *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011), in which this court determined that a prior conviction of facilitation to commit robbery under Tennessee law qualified as a crime of violence under the force prong of the ACCA, § 924(e)(2)(B)(i). The court confined its analysis to the question whether the offense has as an element the use, attempted use, or threatened use of physical force against the person of another and distinguished cases discussing the ACCA's residual clause. Because conviction of facilitation in Tennessee requires proof that

---

[1]In *United States v. Chandler*, 419 F3d 484, 487 (6th Cir. 2005), this court considered a Tennessee conviction of facilitation of aggravated assault and determined that:

> a defendant is never convicted of a generic "facilitation of a felony" charge. Rather, a defendant convicted for facilitation is always found to have facilitated a *specific* felony. *See State v. Parker*, 932 S.W.2d 945, 950–51 (Tenn. Crim. App. 1996) (noting that before an accused can be convicted of facilitation of a felony, "the state must prove the commission of a specified felony and the assistance the accused gave to the person committing the specified felony."); *see also United States v. Sawyers*, 409 F.3d 732, 738 (6th Cir. 2005) ("noting that, in determining whether facilitation of a felony under Tennessee law constitutes a crime of violence, a court must look to the crime actually facilitated.").

*Chandler* at 487 (emphasis in original).

[2]In Kentucky, criminal facilitation can be a lesser-included offense of criminal complicity. To be guilty of criminal complicity, and therefore guilty of the substantive offense by complicity, the defendant must not only act with knowledge that the person aided intends to commit the offense, but also must intend to aid the commission of the crime and in fact aid such person to commit the crime. *Roberts v. Ky.*, 410 S.W. 2d 606, 609 (Ky. 2013).

the underlying crime was actually committed, and the underlying crime of robbery includes the element of the use or threatened use of force, the court concluded that facilitation to commit robbery in Tennessee has as an element the use or threatened use of force. The same is true of the Kentucky statute.

Elliott argues that *Descamps* was decided after *Chandler* and *Gloss*, and prohibits our looking beyond the elements of the facilitation statute to the facts of the facilitated offense. But looking at the *elements* of the underlying offense is different from looking at the *facts* of the underlying offense. *Descamps* mandates the former inquiry and prohibits the latter. Focusing on the elements rather than the facts reveals that no matter the facts, a defendant cannot be convicted of facilitation of robbery, first degree, in Kentucky unless his conduct actually aided the commission of the robbery, which means that the completed offense must be proved. The completed offense of robbery, first degree, involves a theft committed through the use or threatened immediate use of physical force upon another person with intent to accomplish the theft, where the defendant also (a) causes physical injury to any person who is not a participant in the crime; or (b) is armed with a deadly weapon; or (c) uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime. Thus, whether by verdict or plea, conviction of the Kentucky offense of facilitation of robbery, first degree, establishes the element of force or the threatened use of force.

Elliott's argument based on the distinction between facilitation—which involves mere knowledge of the perpetrator's intent and a lack of intent that the perpetrator commit the underlying offense—and criminal complicity—which requires the same intent necessary to commit the underlying offense—also misses the mark. The distinction in mental states is relevant to the ACCA analysis under the residual clause, where the inquiry is whether the prior offense involves conduct that "presents a serious potential risk of physical injury to another," and is "purposeful, violent, and aggressive." *Begay*, 553 U. S. at 144–45. However, the force clause of the ACCA requires only that force or the threatened use of force be an element of the offense. Here, force or the threatened use of force is an element of facilitation to commit robbery, first degree, and thus, as in *Gloss*, we need not reach the question whether the offense would be a

violent felony under the residual clause.  *See United States v. Nance,* 481 F.3d 882, 888 (6ᵗʰ Cir. 2007).

## IV.

Elliott also argues, for the first time, that it was unconstitutional for the district court to find that his prior crimes meet the requirements of the ACCA.  He asserts that because additional facts beyond the conviction are necessary for the finding, and the finding raises the penalty for the felon in possession of a firearm offense, the Sixth Amendment requires that the facts be found by a jury beyond a reasonable doubt.

Elliott waived this argument by failing to raise it below.  Further, we held in *United States v. Barnett*, 398 F.3d 516, 524–25 (6ᵗʰ Cir. 2005), that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "does not require the nature or character of prior convictions to be determined by a jury."  In addition, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), provides no help to Elliott because *Alleyne* did not revisit the prior conviction exception.  *Id.* at 2160 n.1.

## V.

For the foregoing reasons, we **AFFIRM.**