RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0233p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re:  JERRY LEE SARGENT,

　　　　　　　　　　　　　*Movant*.

No. 16-5632

On Motion to Authorize the Filing of a Second or
Successive Application for Habeas Corpus Relief.
Nos. 3:09-cr-00007-1; 3:14-cv-07360—Danny C. Reeves, District Judge.

Decided and Filed:  September 14, 2016

Before:  KEITH, ROGERS, and SUTTON, Circuit Judges.

_____

**COUNSEL**

**ON RESPONSE:**  Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Respondent.  **ON MOTION:** Jerry Lee Sargent, Tucson, Arizona, pro se.

_____

**OPINION**

_____

DAMON J. KEITH, Circuit Judge.  Jerry Lee Sargent, a pro se federal prisoner, moves this court for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. §§ 2244(b), 2255(h).  He also moves for the appointment of counsel.  For the following reasons, we **GRANT** Sargent's motion for authorization to file a second or successive § 2255 petition, and **DENY** his motion to appoint counsel.

1

## I.  BACKGROUND

Sargent pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He received an enhanced sentence under the Armed Career Criminal Act ("ACCA" or "the Act") based on the following prior convictions:  (1) arson; (2) first-degree wanton endangerment; (3) trafficking more than five pounds of marijuana; and (4) first-degree rape.  The district court imposed a term of imprisonment of 327 months.  Sargent argued on appeal that the district court erred by enhancing his sentence under the ACCA.  This court affirmed the district court's judgment.  *United States v. Sargent*, No. 10-5182 (6th Cir. Jan. 9, 2012).

Sargent filed his first § 2255 motion in 2014, claiming that it was error for the district court, rather than a jury, to enhance his sentence on the basis of his prior convictions, based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  The district court denied the motion, and this court denied a certificate of appealability.

In his current motion, Sargent asserts that he is entitled to relief from his enhanced sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the so-called "residual clause" of the ACCA as unconstitutionally vague.  Sargent claims that the district court ruled that his prior conviction for wanton endangerment fell within the residual clause.  He also argues that his prior conviction for arson has been reversed and cannot qualify as a predicate offense.  He therefore asserts that he cannot be sentenced under the ACCA because he no longer has three qualifying predicate offenses.

## II.  DISCUSSION

We may authorize the filing of a second or successive § 2255 motion when the applicant makes a prima facie showing that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Pertinent to Sargent's motion, the Supreme Court has declared, in the context of the ACCA, that the rule announced in *Johnson* has retroactive effect to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  This means that petitioners, like Sargent, who were sentenced pre-*Johnson* can apply *Johnson*'s holding to

attack the constitutionality of their ACCA-enhanced sentences in a habeas petition. *See In re Watkins*, 810 F.3d 375, 382 (6th Cir. 2015).

A defendant is considered an Armed Career Offender under the ACCA if he or she violates 18 U.S.C. § 922(g) and has at least three qualifying convictions for a "violent felony" or a serious drug offense. *See United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015). The ACCA defines the term "violent felony" as follows:

> Any crime punishable by imprisonment for a term exceeding one year, . . . that
> (i) **[(Force Clause)]** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) **[(Enumerated-Felony Clause)]** is burglary, arson, or extortion, involves the use of explosives, or
> **[(Residual Clause)]** otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*See* 18 U.S.C. § 924(e)(2)(B); *United States v. Elliott*, 757 F.3d 492, 494 (6th Cir. 2014).

The Supreme Court of the United States held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause is unconstitutionally vague. The record demonstrates that the district court relied on four prior convictions to qualify Sargent for a sentencing enhancement under the ACCA: (1) arson; (2) first-degree wanton endangerment; (3) trafficking in more than five pounds of marijuana; and (4) first-degree rape.

Sargent's prior convictions for arson and marijuana trafficking do not fall under the "residual clause." Arson is an enumerated offense. Sargent's marijuana trafficking conviction qualifies as a serious drug offense. *Johnson* invalidated only the residual clause of the ACCA's definition of a violent felony; it did not invalidate the enumerated felony clause or any portion of the definition of a "serious drug offense." *See generally Johnson*, 135 S. Ct. 2551. Therefore, neither of these two convictions was affected by *Johnson*.[1]

The present record is unclear, though, as to whether either of Sargent's remaining offenses—first-degree wanton endangerment or first-degree rape—constitutes a third qualifying conviction. With respect to the wanton endangerment conviction, before the Supreme Court's

---

[1]Moreover, Sargent has failed to provide any evidence supporting his assertion that his arson conviction has been reversed.

opinion in *Johnson*, this court held that Kentucky's wanton endangerment statute can be classified as a violent felony under the ACCA's residual clause. *See United States v. Clark*, 458 F. App'x 512, 515−16 (6th Cir. 2012). Accordingly, Sargent has made a prima facie showing that his prior wanton endangerment conviction may no longer qualify as a crime of violence under the ACCA.

With respect to Sargent's prior conviction for first-degree rape, under Kentucky law, first-degree rape consists of either: (a) "sexual intercourse with another person by forcible compulsion"; or (b) "sexual intercourse with another person who is incapable of consent because he . . . [i]s physically helpless; or [i]s less than twelve years old." *See* Ky. Rev. Stat. § 510.040(1)(a), (b). Accordingly, part (a) has as an element "forcible compulsion" and would thus likely qualify as a violent felony under the use-of force clause. *See* 18 U.S.C. § 924(e)(2)(B)(i). But part (b) may be violated without the use of force. *See Martin v. Kassulke*, 970 F.2d 1539, 1546 (6th Cir. 1992) (noting that part (a) of the provision deals with forcible compulsion, while part (b) of the provision relates to "physical helplessness," and "thus [part (b)] may be violated by the [offender] without any need for the use of forcible compulsion"). When, as here, a statute "could be violated in a way that would constitute a [violent felony] and in a way that would not," the statute may be "divisible." *See United States v. Denson*, 728 F.3d 603, 608 (6th Cir. 2013) (citation omitted); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (noting that a statute is not divisible if it merely "enumerates various factual means of committing a single element"). A divisible statute is one that effectively creates multiple different crimes. *See Denson*, 728 F.3d at 612.

When a statute is divisible, courts must employ what is known as the "modified categorical approach" in order to determine whether the prior conviction qualifies under the ACCA. *See Denson*, 728 F.3d at 608; *see also Elliott*, 757 F.3d at 494. Under the modified categorical approach, the court may "consult a limited class of documents . . . to determine which alternative [element] formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also Shepard v. United States*, 544 U.S. 13, 16-17 (2005). These documents are commonly referred to as *Shepard* documents. *See Denson*, 728 F.3d at 608. None of these relevant documents are present in the current record before us,

however.[2] Accordingly, we are unable to determine the nature of Sargent's first-degree rape conviction. Because the Kentucky rape statute pursuant to which Sargent was convicted is likely divisible, and because there are no relevant *Shepard* documents in the record, Sargent has made a prima facie showing that his first-degree rape conviction may no longer qualify as a predicate offense for ACCA enhancement. *In re McDonald*, 514 F.3d 539, 544 (6th Cir. 2008) (noting that the prima facie showing "is not a difficult standard to meet").

In sum, Sargent has made a prima facie showing that two of his four convictions may no longer serve as predicate offenses under the ACCA.

## III. CONCLUSION

Because Sargent has made a prima facie showing that he is entitled to relief under *Johnson*, his motion is **GRANTED**. We **AUTHORIZE** the district court to consider his proposed application, and **TRANSFER** the case to the United States District Court for the Eastern District of Kentucky for further proceedings. Sargent's motion for the appointment of counsel is **DENIED** without prejudice to his making such a motion in the district court.

---

[2]While the presentence report (PSR) is in the record, we have repeatedly held that the PSR is not a permissible *Shepard* document. *See, e.g.*, *United States v. Gardner*, 649 F.3d 437, 445 (6th Cir. 2011) (holding that neither state nor federal PSRs are permissible *Shepard* documents); c*f. United States v. Wynn*, 579 F.3d 567, 576 (6th Cir. 2009) (holding that courts shall not consider factual statements in the PSR to determine whether a prior conviction constitutes a "crime of violence").