**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0548n.06

No. 15-6451

**FILED**
Sep 26, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| RICKY PAGE, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

**BEFORE:     GILMAN, GIBBONS, and STRANCH, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.**  Defendant Ricky Page pleaded guilty to charges of distributing a controlled substance and being a felon in possession of a firearm.  Page had multiple prior convictions for felonies that involved either controlled substances or violence.  The government and Page agreed that Page would face a statutory minimum of fifteen years of imprisonment.  In the plea agreement, Page waived his right to appeal most aspects of his conviction and sentence.  The district court accepted the plea with its sentence of 180 months, the statutory minimum under the Armed Career Criminal Act (ACCA).  On appeal, Page argues for the first time that the ACCA should not apply, and that his trial counsel was ineffective for failing to challenge its applicability at the earlier stages of his case.  For the following reasons, we **AFFIRM** the judgment of the district court.

## I.    BACKGROUND

On April 19, 2012, Page sold three grams of heroin to a confidential informant. The next month, a search warrant was executed at Page's residence and two firearms were located. The superseding indictment filed against Page listed three previous felony convictions—for facilitation to first-degree robbery, trafficking in a controlled substance, and first-degree robbery—in support of charges for being a felon in possession of a firearm. In a written agreement, Page pleaded guilty of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924(e).

In the plea agreement under Rules 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, Page waived his right to appeal his sentence unless based on claims of ineffective assistance of counsel or prosecutorial misconduct. The government agreed to move to dismiss several other charges. Both parties agreed that a custodial sentence of 180 months of imprisonment was an appropriate disposition of the case. The district court explored the factual basis of the plea, to which Page's counsel did not object, before accepting the plea agreement. The probation office calculated an offense level of 31 and criminal history category of VI under the U.S. Sentencing Guidelines, leading to an advisory guideline range of 188 to 235 months in custody. The probation office designated Page as an armed career criminal based on at least three prior convictions for a violent felony or serious drug offense. Page had additional prior convictions, including for second-degree burglary. Neither party objected to the offense and criminal history findings and armed career criminal designation, which were adopted by the district court. The district court sentenced Page to 180 months of imprisonment, the custodial sentence agreed on by the parties and the statutory minimum under the ACCA.

Page timely appealed his conviction and sentence.

## II.    ANALYSIS

### A.    Waiver Of Right To Appeal

Page argues that there were defects in the factual basis of his guilty plea and that prior convictions must be charged as predicate crimes and found as such by the jury to qualify him as an armed career criminal. Neither argument was raised in the district court. The government argues that the terms of the plea agreement prevent appeal of these issues.

The waiver clause in Page's plea agreement reads:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

(R. 44, ¶ 11 PageID 110) The district judge described the waiver clause and its effect to Page, who affirmed that he understood the matter. Page also confirmed that he had adequate time to talk with his trial counsel about the guilty plea, and was satisfied with the attorney's advice.

The government urges us to forego review of substantive matters in this case based on the waiver clause. Page does not directly address his waiver of the right to appeal his conviction and sentence, other than to conclude that "the record makes clear that Mr. Page's acquiescence to the plea agreement was premised on his counsel's deficient performance." Presumably, Page asks us to disregard the waiver clause because it is found in a plea agreement that was "itself . . . infected by the ineffective assistance of trial counsel."

We generally review the district court's rulings for plain error regarding arguments that were not brought at the trial court level. *United States v. Caruthers*, 458 F.3d 459, 473 (6th Cir.

2006). Page has fashioned part of his appeal around his trial counsel's alleged ineffectiveness at the plea and sentencing phases. We do not normally review ineffective assistance of counsel claims on direct appeal because the record is usually insufficient for appellate review at this stage. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). When the record is sufficient for review of ineffective assistance of counsel claims, we review it de novo as a mixed question of fact and law. *Id.* at 761. A plaintiff asserting ineffective assistance on a guilty plea must show that "counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 762 (citing *Hill v. Lockhart*, 474 U.S. 52 (1985) and *Strickland v. Washington*, 466 U.S. 668 (1984)).

A waiver of the right to appeal does not leave a defendant "entirely at the whim of the district court." *Caruthers*, 458 F.3d at 471 (quoting *United States v. Martin*, 961 F.2d 493, 496 (4th Cir. 1992)). And such a waiver does not preclude a defendant from challenging a sentence as exceeding the statutory maximum. *Id.* at 472. In *Caruthers*, an appellant challenged his status as an armed career criminal. The crime of being a felon in possession of a firearm is normally punishable by a maximum of ten years, but is punishable by a minimum of fifteen years if the ACCA applies. *Id.* (quoting 18 U.S.C. § 924(a)(2) and § 924(e)). Because the statutory minimum for the ACCA is above the statutory maximum for a standard felon-in-possession conviction, the *Caruthers* court determined that the sentence potentially exceeded the statutory maximum and proceeded to evaluate the merits despite the appellate waiver. *Id.* We follow suit, in part because judicial resources are put to more efficient use here by addressing the question of whether Page is properly classified as an armed career criminal. To the extent that ineffective

assistance of counsel claims are based on Page's designation as an armed career criminal, the record is sufficient to resolve the claims at this time.

### B.    Armed Career Criminal Designation

Most of Page's arguments, whether termed merits attacks or claims of ineffective assistance of counsel, derive from his designation as an armed career criminal. To avoid his enhanced sentence under the ACCA, Page urges us to overrule a published decision of this court and abrogate a decision of the Supreme Court. Those cases remain good law and we affirm Page's designation as an armed career criminal.

### 1.    Facilitation to Commit First-Degree Robbery as a Predicate

The ACCA establishes a statutory minimum of fifteen years of imprisonment for defendants convicted of felon-in-possession laws while having three or more prior convictions for serious drug offenses or violent felonies, both of which have multi-pronged definitions. *See* 18 U.S.C. § 924(e). Page concedes that his two prior convictions for drug trafficking and first-degree robbery qualify as predicates under the ACCA. He argues that his trial counsel and the district court erred in counting facilitation to commit robbery, first degree, under Kentucky law as a violent-felony predicate under the ACCA. Prior convictions qualify as violent-felony predicates under the ACCA if the crime has the same or narrower elements than the generic definition of crimes listed in the enumerated felonies prong. *See* § 924(e)(2)(B)(ii). Prior convictions qualify under the use of force prong if the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). To determine whether a crime qualifies as a violent felony, courts use the categorical approach by looking at the elements of the crime, not at the underlying facts of how the defendant committed the crime. *Taylor v. United States*, 495 U.S. 575, 600 (1990). Courts

look at a limited set of documents from the underlying case if the statute is divisible, which means the statute contains alternative elements, some of which would satisfy an ACCA prong and others which would not. *Shepard v. United States*, 544 U.S. 13, 25–26 (2005). Courts do not look at the underlying facts when the statute is indivisible. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).

This court previously decided in *United States v. Elliott* that facilitation to commit robbery, first degree, in Kentucky qualifies as an ACCA predicate under the use of force prong. 757 F.3d 492, 496 (6th Cir. 2014). The court concluded that "no matter the facts, a defendant cannot be convicted of facilitation of robbery, first degree, in Kentucky unless his conduct actually aided the commission of the robbery, which means that the completed offense must be proved. The completed offense of robbery, first degree, involved a theft committed through the use or threatened immediate use of physical force upon another person . . ." *Id.*

Page argues that *Elliott* was wrongly decided in light of *Descamps.* He claims that criminal facilitation in Kentucky can be committed without the use of force, making the statute too broad to qualify under the use of force prong. But in *Elliott*, this court addressed a similar argument and found that the elements at issue are those for facilitation to commit robbery, first degree, not "facilitation in the abstract." *Id*. at 495. The *Elliott* court, with *Descamps* in mind, found that facilitation to commit robbery, first degree, in Kentucky was an indivisible statute that satisfied the use of force prong. *Id.* at 496. *Elliott* was a published panel decision that controls the outcome in this case "unless an inconsistent decision of the United States Supreme Court requires modification or this Court sitting en banc overrules the prior decision." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). As discussed above, *Descamps* is not inconsistent.

Nor is *Johnson v. United States*, which struck the residual clause of the ACCA definition of violent felony, but left the use of force prong intact. 135 S. Ct. 2551, 2563 (2015). Facilitation to commit robbery, first degree, under Kentucky law therefore remains a violent felony for ACCA purposes, and the district court and Page's trial counsel committed no error, plain or otherwise, in determining that was the case.

We also note that Page's prior conviction for second-degree burglary would likely provide the third predicate to qualify him as an armed career criminal. *See United States v. Jenkins*, 528 F. App'x. 483, 485 (6th Cir. 2013) (holding second-degree burglary under Kentucky law qualified as a violent felony under the enumerated crimes prong of the ACCA).

### 2. Predicate Crimes

Page also argues that his sentencing under the ACCA was improper because the predicate crimes should have been presented to a grand jury and been part of the factual basis of the plea. In *Almendarez-Torres v. United* States, 523 U.S. 224, 246 (1998), the Supreme Court held that Congress can authorize a judge to find the fact of a prior conviction for sentencing matters. Page argues that we should read a subsequent Supreme Court case, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), as abrogating *Almendarez-Torres*. However, the *Alleyne* decision acknowledges *Almendarez-Torres* and explicitly sets that case outside its holding. *Id.* at 2160 n.1 ("In *Almendarez-Torres* . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.") Indeed, this court has already rejected the argument that *Alleyne* requires the nature or character of prior convictions to be found by a jury. *Elliott*, 757 F.3d at 496–97. The district court again committed no error when it found, based on the factual basis established in the plea agreement and proceedings, that Page had at least three predicate violent felonies or serious drug offenses.

### III.      CONCLUSION

Page appeals his conviction and sentence, although he waived his right to appeal most aspects of his conviction and sentence.  The appeal is without merit because Page was properly classified as an armed career criminal based on his prior convictions for violent felonies and serious drug offenses. As we have previously held, facilitation to commit robbery, first degree, in Kentucky is a violent felony under the use of force prong of the Armed Career Criminal Act. The district court properly determined that Page had at least three prior convictions that qualify as ACCA predicates.  To the extent Page claims ineffective assistance of counsel based on his status as an armed career criminal, those claims are without merit.  The district court did not err, and the judgment is therefore **AFFIRMED**.