NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0244n.06
No. 17-6006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 15, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| TODD INGRAM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MERRITT, WHITE and DONALD, Circuit Judges.

**WHITE, Circuit Judge.**

Defendant Todd Ingram appeals his 200-month sentence for being a felon in possession of a firearm, arguing that the district court erred by classifying him as an armed career criminal. Ingram contends that his Kentucky first-degree robbery convictions do not qualify as violent felonies under the Armed Career Criminal Act (ACCA). We disagree, and **AFFIRM**.

## I.      Background

On January 13, 1993, Ingram was convicted in Jefferson Circuit Court, Commonwealth of Kentucky, of complicity to commit second-degree robbery. (PSR ¶ 7, 29.) On August 19, 1993, Ingram was convicted in Jefferson Circuit Court, Commonwealth of Kentucky, of 13 counts of first-degree robbery arising from 13 separate robberies. (R. 28; PSR ¶ 30.) On September 6, 1994, Ingram was convicted in the United States District Court for the Western

District of Kentucky of "Carjacking – Aiding and Abetting." (R. 28; PSR ¶ 32.) And, on September 7, 1994, Ingram was convicted in the United States District Court for the Western District of Kentucky of one count of "Bank Robbery – Aiding and Abetting," and one count of "Use of Firearm in a Crime of Violence – Aiding and Abetting." (R. 28; PSR ¶ 31.)

On May 12, 2017, Ingram pleaded guilty in the instant case to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), reserving the right to challenge any ACCA designation. (PSR ¶¶ 3, 7.) The Probation Department recommended finding that Ingram "is an Armed Career Criminal and subject to an enhanced sentence under 18 U.S.C. § 924(e)" based on his seventeen prior felony convictions. (PSR ¶ 24.) Ingram objected to the ACCA classification, arguing that his convictions for first-degree robbery, bank robbery, carjacking, and complicity to commit second-degree robbery are not violent felonies because they do not include as an element the requisite degree of force.

The district court recognized that "the Sixth Circuit has twice affirmed ACCA enhancements based on Kentucky first-degree robbery convictions," but correctly noted that the defendants in those cases "did not appear to challenge Kentucky first-degree robbery's status as constituting a violent felony." (R. 39 at PID 173 (citing *United States v. Elliott*, 757 F.3d 492 (6th Cir. 2014); *United States v. Page*, 662 F. App'x 337 (6th Cir. 2016)). Ingram argued that the statements in *Elliott* that Kentucky first-degree robbery qualified as a violent felony were mere dicta and not controlling. Without deciding that issue, the district court considered whether the aggravating factors necessary to sustain a first-degree robbery conviction require proof of violent force and determined that they do.[1] The district court also concluded that Ingram's

---

[1] Ingram conceded that the third aggravating factor—use or threatened use of a dangerous instrument—involves violent force. (R. 39 at PID 176.)

federal bank robbery and carjacking convictions qualified as violent felonies under the ACCA. The court did not rely on Ingram's complicity to commit second-degree robbery conviction as an ACCA predicate offense.

## II. Discussion

On appeal, Ingram argues that Kentucky first- and second-degree robbery, federal bank robbery, and federal carjacking are not violent felonies. The government's argument is addressed only to first-degree robbery because Ingram does not qualify as an armed career criminal without counting at least one of his first-degree robbery convictions as a violent felony conviction.[2]

### A. Standard of Review

"We review de novo a district court's determination that a defendant should be sentenced as an armed career criminal." *United States v. Vanhook*, 640 F.3d 706, 709 (6th Cir. 2011) (citing *United States v. Sawyers*, 409 F.3d 732, 736 (6th Cir. 2005)). We also "review de novo whether a prior conviction qualifies as a 'violent felony' under the ACCA." *United States v. Quarles*, 850 F.3d 836, 838 (6th Cir. 2017) (quoting *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014)).

### B. The Armed Career Criminal Act

Ingram was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Armed Career Criminal Act provides:

---

[2] The government states that, "without conceding the issue, the United States will not address" whether second-degree robbery qualifies because the "district court did not use the Kentucky conviction for second-degree robbery to support Ingram's ACCA classification." (Appellee Br. at 2-3 n. 1.) Also "without conceding the issues," the government declined to "discuss Ingram's prior federal convictions because, without a prior Kentucky conviction for first-degree robbery, the federal convictions are not sufficient to support Ingram's ACCA classification." (Appellee Br. at 2-3 n. 1.)

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The term "violent felony" is defined by 18 U.S.C. § 924(e)(2)(B) as:

Any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

"Courts generally refer to § 924(e)(2)(B)(i) as the 'force' prong, to the portion of § 924(e)(2)(B)(ii) listing specific offenses as the 'enumerated felonies' prong, and to the portion of § 924(e)(2)(B)(ii) covering conduct involving a serious potential risk of physical injury as the 'residual clause.'"[3] *Elliott*, 757 F.3d at 494 (6th Cir. 2014) (quoting *United States v. Johnson*, 707 F.3d 655, 659 (6th Cir. 2013)). The "force" prong is at issue here. The parties do not address, and we do not consider, the applicability of the remaining prongs to Kentucky first-degree robbery.

Because § 924(e)(2)(B)(i) does not define "physical force," the Supreme Court has determined that the phrase must be given "its ordinary meaning." *Johnson I*, 559 U.S. at 138 (citing *Bailey v. United States*, 516 U.S. 137, 144–145 (1995)). Thus, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003) (Easterbrook, J.)).

---

[3] In *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015), the Supreme Court found that the ACCA's residual clause was unconstitutionally vague. Because the instant appeal turns on the "force" prong of the ACCA, *Johnson II* does not impact our inquiry.

To qualify as a violent felony under the force prong, a prior conviction must be for a "crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B), where the physical force at issue was "capable of causing physical pain or injury to another person," *Johnson I*, 559 U.S. at 140. In determining whether the elements of a crime include the use, attempted use, or threatened use of physical force, courts follow state law. *See id* at 138.

## C. The Categorical Approach

When considering whether a crime constitutes a violent felony under the ACCA, we must engage in a "'categorical' approach, meaning that we look at the statutory definition of the crime of conviction, not the facts underlying that conviction, to determine the nature of the crime." *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017) (quoting *United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009)). Under that approach, we must assume that the conviction "rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts would qualify as a crime of violence." *Id.* (internal alterations and quotations omitted) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

## D. Kentucky' First-Degree Robbery Statute

Kentucky defines first-degree robbery as:

(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

    (a) Causes physical injury to any person who is not a participant in the crime; or

    (b) Is armed with a deadly weapon; or

    (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Ky. Rev. Stat. § 515.020. Kentucky defines "physical force" as "force used upon or directed toward the body of another person." Ky. Rev. Stat. § 515.010.

Because we conclude that our prior decision in *United States v. Elliott* is controlling, we begin there. Ingram is correct that we have not yet had occasion to consider, as a stand-alone issue, whether Kentucky first-degree robbery qualifies as a violent felony. But we have held that facilitation of that offense is a violent felony. *Elliott*, 757 F.3d at 493, 496; *Page*, 662 F. App'x at 340. As a necessary part of that holding, we also found that first-degree robbery, itself, is a violent felony. *Elliott*, 757 F.3d at 495. Ingram concedes as much, but argues that our statements constitute mere dicta. (Appellant's Br. at 37–38.) Ingram is incorrect; although not contested, a predicate and necessary ruling in *Elliott* was that first-degree robbery is a violent felony, and we are bound by that holding. *See United States v. Lanier*, 201 F.3d 842, 846 (6th Cir. 2000) ("It is firmly established that one panel of this court cannot overturn a decision of another panel; only the court sitting en banc can overturn such a decision.")

The defendant in *Elliott* "acknowledge[d] that robbery, first degree, is a violent felony under the ACCA," but nevertheless argued that "the Kentucky offense of facilitation to commit a crime does not have as one if its elements the requisite 'use, attempted use, or threatened use of physical force against another,' which would render it a crime of violence." *Elliott*, 757 F.3d at 495. Kentucky's facilitation statute provides:

> A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.

Ky. Rev. Stat. § 506.080. The *Elliott* court recognized that, "independent of the underlying crime that is being facilitated, Kentucky's statute is broad in how it defines facilitation and does

not meet the force prong's narrow definition of 'use, attempted use or threatened use of physical force against another.'" *Elliott*, 757 F.3d at 495.

The court observed, however, that the defendant "was not convicted of facilitation in the abstract; he was convicted of facilitation to commit robbery, first degree," *id.,* an offense he conceded requires proof of "force or the threatened use of force" sufficient to satisfy *Johnson I*. *Id.* at 496. The *Elliott* court explained that "the elements of facilitation to commit robbery, first degree, are 1) the defendant knew that another person was committing or intended to commit robbery, first degree, 2) the defendant engaged in conduct that he knew would provide the person with means or opportunity to commit the crime, and 3) the defendant's conduct in fact aided the person to commit the offense." *Id.* at 495. As a result, "a defendant cannot be convicted of facilitation of robbery, first degree, in Kentucky unless his conduct actually aided the commission of the robbery, which means that the completed offense must be proved." *Id.* at 496.

The *Elliott* court concluded that, "whether by verdict or plea, conviction of the Kentucky offense of facilitation of robbery, first degree, establishes the element of force or the threatened use of force" and was therefore a violent felony. *Id.*

The *Elliott* court's determination that first-degree robbery is a violent felony was therefore central to its holding. Without finding that first-degree robbery was a violent felony, *Elliott* could not have held that facilitation of first-degree robbery was a violent felony.

### III.   Conclusion

Because we are bound by our prior holding that Kentucky first-degree robbery is a violent felony, *see Elliott*, 757 F.3d at 495, we find that Ingram's prior first-degree robbery convictions constitute violent felonies under the ACCA. The district court correctly sentenced Ingram as an armed career criminal and we therefore **AFFIRM**.